## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF KANSAS IN WICHITA

In re:

SOCIAL NETWORKING TECHNOLOGY, INC.

         Debtor.

DARCY D. WILLIAMSON, not individually, but solely as Chapter 7 Trustee of SOCIAL NETWORKING TECHNOLOGY, INC.

         Plaintiff,

         v.

COMCAST SPOTLIGHT, LP.

         Defendant.

Case No. 18-10177

Chapter 7

Adversary No. _____

## COMPLAINT TO AVOID AND RECOVER TRANSFERS
## PURSUANT TO 11 U.S.C. § § 502, 548, AND 550

Plaintiff Darcy D. Williamson, not individually, but solely as Chapter 7 Trustee (the "Trustee") of Social Networking Technology, Inc. ("SNT"), pursuant to sections 502, 548 and 550 of this title 11 of the United States Code (the "Bankruptcy Code"), hereby alleges for her Complaint (the "Complaint") against Comcast Spotlight, LP. (the "Defendant") and, upon information and belief as to all matters, represents as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this adversary proceeding (the "Adversary Proceeding"), which arises under and relates to a case under the Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas (the "Court"), lead case number 18-10177, pursuant to 28 U.S.C. § § 157 and 1334.

2.     This is a core proceeding under 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

4.      Social Networking Technology, Inc. ("SNT") was a technology company with patented proprietary software producing artificial intelligence driven digital content integrated with advertising. SNT used this combination to enhance monetization for digital ad publishers.

5.      On February 12, 2018 (the "Petition Date"), SNT filed a petition for relief under Chapter 7 of the Bankruptcy Code, commencing the above captioned chapter 7 case.

6.      On February 12, 2018, the Trustee was appointed as the Chapter 7 trustee for the Debtor.

7.      The Defendant is a Delaware limited partnership with its principal place of business located at Five Times Square, Ninth Floor, New York, NY 10036. Pursuant to Fed. R. Bankr. P. 7004(b)(3), the Defendant may be served by mailing a copy of this Complaint and the Summons to the Defendant's registered agent as follows: Comcast Capital Corporation, 1201 N Market St., Suite 1000, Wilmington, DE 19801.

## COUNT I

**(Avoidance of Fraudulent Transfers Pursuant to § 548(a)(1)(B))**

8.      The Trustee repeats and realleges the allegations of the paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9.      SNT made transfers to the Defendant in the total amount of $ 367,411.00 (collectively, the "Transfers").

10.     A list of the date(s) and amounts of each Transfer is set forth on Exhibit A hereto.

11.     The Transfers are evidenced by the check numbers or transaction type, amount and clear date identified on Exhibit A hereto.

2

12.     Each Transfer constituted a transfer of an interest of SNT in property.

13.     Each Transfer was made within two years before the Petition Date.

14.     The Defendant provided advertising services to SNT and SNT provided the Transfers in exchange. The value of Defendant's services is substantially less than the value of the Transfers, meaning SNT did not receive reasonably equivalent value in exchange for the Transfers.

15.     On the date each Transfer was made SNT was insolvent or was rendered insolvent by the Transfers.

16.     SNT's insolvency at the time of the Transfers is further evidenced by its inability to pay its existing debts as they came due.

17.     SNT's insolvency at the time of the Transfers is further evidenced by the fact that SNT's assets were worth significantly less than SNT's liabilities. *See* SNT's Chapter 7 Bankruptcy Schedules (ECF Doc. 1).

18.     For these reasons, the Trustee may avoid, for the benefit of SNT's bankruptcy estate, the Transfers as fraudulent under § 548(a)(1)(B) of the Bankruptcy Code.

19.     On September 19, 2019, the Trustee, through counsel, sent the Defendant a Demand for Repayment of Fraudulent Transfers (the "Letter") in which the Trustee advised the Defendant that the Transfers constitute voidable fraudulent transfers, recoverable by the Trustee, and demanded immediate payment of the Transfers. A true and correct copy of the Letter is attached hereto as Exhibit B.

20.     As of the date hereof, the Defendant has not paid the Transfers to the Trustee.

## COUNT II
### (Recovery of Avoided Transfers Pursuant to § 550(a))

21.     The Trustee repeats and realleges the allegations of paragraphs 1 through 20 of the Complaint as though fully set forth herein.

3

22.     The Defendant was the initial transferee of the Transfers.

23.     To the extent that the Transfers are avoided pursuant to § 548 of the Bankruptcy Code, the Trustee may recover the property transferred or the value of such property for the benefit of SNT's bankruptcy estate pursuant to § 550(a) of the Bankruptcy Code.

## COUNT III
### (Disallowance of Claims Pursuant to § 502(d))

24.     The Trustee repeats and realleges the allegations of paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25.     Under § 502(d) of the Bankruptcy Code, any claim the Defendant holds against SNT's bankruptcy estate should be disallowed in its entirety unless and until the Defendant returns the Transfers or the value of the Transfers to the Trustee.

WHEREFORE, the Trustee respectfully requests that:

a. The Transfers be avoided pursuant to § 548 of the Bankruptcy Code;

b. Judgment be entered in favor of the Trustee and against the Defendant in the amount of the Transfers pursuant to § 550 of the Bankruptcy Code or the Defendant is otherwise directed to return the amount of the Transfers to the Trustee;

c. any and all claims held by the Defendant against SNT's bankruptcy estate be disallowed pursuant to § 502(d) of the Bankruptcy Code unless and until the amount of such Transfers are returned to the Trustee;

d. to the extent permitted under the Bankruptcy Code, awarding the Trustee prejudgment interest on its judgment against Defendant;

e. awarding the Trustee post-judgment interest against Defendant at the highest rate permitted by law; directing that all fees and costs, including filing fees of $350.00, be assessed against the Defendant; and

4

g. the Trustee be granted such other and further relief as is just and proper.

Date: February ___, 2020

**DARCY D. WILLIAMSON, not individually but solely as CHAPTER 7 TRUSTEE FOR THE SOCIAL NETWORKING TECHNOLOGY, INC.**

**STINSON LLP**

By: /s/ Nicholas J. Zluticky
Nicholas J. Zluticky KS # 23935
Michael P. Pappas. D. Kan. # 78856
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
Nicholas.zluticky@stinson.com
Michael.pappas@stinson.com

COUNSEL FOR THE TRUSTEE

CORE/3007048.0004/157021351.1

## EXHIBIT A – TRANSFERS

| Check #/Transaction Type | Clear Date | Amount |
|---|---|---|
| 2692 | 6/9/2017 | $52,002.00 |
| 2714 | 6/19/2017 | $54,383.00 |
| 2736 | 7/21/2017 | $25,000.00 |
| Wire | 8/4/2017 | $108,686.00 |
| EFT | 8/11/2017 | $127,340.00 |

**Total Transfer Amount(s): $ 367,411.00**

6