**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| In re:<br><br>SOCIAL NETWORKING TECHNOLOGY, INC.<br><br>Debtor. | ) | Chapter 7<br><br>Case No. 18-10177 |
| DARCY D. WILLIAMSON, not individually, but solely as Chapter 7 Trustee of SOCIAL NETWORKING TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST SPOTLIGHT, LP,<br><br>Defendant. | ) | Adversary. No. 20-5036 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS COMPLAINT TO AVOID AND RECOVER**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 502, 548, AND 550**

April 6, 2020


Brian M. Holland (KS# 19989)
Benjamin C. Struby (KS# 22243)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Phone: (816) 460-5329
Email: brian.holland@lathropgpm.com
benjamin.struby@lathropgpm.com

Matthew G. Summers*
Chantelle D. McClamb*
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801
Phone: (302) 252-4428
Email: summersm@ballardspahr.com
mcclambc@ballardspahr.com
(Motion for *pro hac vice* admission to be filed)

*Attorneys for Comcast Cable Communications Management, LLC d/b/a Effectv, erroneously sued as Comcast Spotlight, LP*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT .......... 1

NATURE AND STAGE OF PROCEEDINGS .......... 2

FACTUAL ALLEGATIONS .......... 2

LEGAL STANDARD .......... 2

ARGUMENT .......... 3

A. Count I Should Be Dismissed Because the Complaint Fails to State a Plausible Fraudulent Transfer Claim Against Effectv. .......... 3

1. The Complaint Fails to Plead Any Facts in Support of the Legal Conclusion That the Debtor Received Less Than Reasonably Equivalent Value in Exchange for the Alleged Transfers. .......... 4

2. The Complaint Lacks Sufficient Facts Concerning the Debtor's Insolvency and the Alleged Transfers to State a Plausible Constructive Fraudulent Transfer Claim. .......... 5

B. Counts II and III Should be Dismissed Because They Rely on Avoidance Pursuant to Section 548 of the Bankruptcy Code. .......... 7

CONCLUSION .......... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angell v. BER Care, Inc. (In re Caremerica, Inc.)*,
409 B.R. 737, 752 (Bankr. E.D.N.C. 2009 .......... 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 2, 3, 6, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 2, 3, 6, 7

*Bison Park Dev., LLC v. North American Savings Bank (In re Bison Park Dev., LLC)*,
2009 Bankr. LEXIS 1257 (Bankr. D. Kan. May 7, 2009) .......... 3

*Crescent Res., LLC v. Nexen Pruet, LLC (In re Crescent Res., LLC)*,
No. 09-115-7, 2012 Bankr. LEXIS 287, 2012 WL 195528 (Bankr. W.D. Tex. Jan. 23, 2012) .......... 6

*Dershaw v. Ciardi (In re Rite Way Elec. Inc.)*,
510 B.R. 471 (Bankr. E.D. Pa. 2014) .......... 6

*Gellert v. The Lenick Co. (In re Crucible Materials Corp.)*,
2011 WL 2669113 (Bankr. D. Del. July 6, 2011) .......... 8

*Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)*
327 B.R. 711 (Bankr. D. Del. 2005) .......... 6

*Goldstein v. BRT, Inc. (In re Universal Marketing)*,
460 B.R. 828 (Bankr. E.D. Pa. 2011) .......... 4

*Gonzales v. Liberman (In re Brutsche)*,
11-01189, 2013 Bankr. LEXIS 585 (Bankr. D.N.M. Feb. 11, 2013) .......... 4

*Khalick v. United Air Lines*,
671 F.3d 1188 (10th Cir. 2012) .......... 3

*LTF Real Estate Co., Inc. v. Expert South Tulsa, LLC (In re Expert South Tulsa, LLC)*,
522 B.R. 634 (10th Cir. BAP 2014) .......... 6

*In re PostRock Energy Corp.*,
2018 WL 42769473 (Bankr. W.D. Okla. Sept. 6, 2018) .......... 5

*Robbins v. Oklahoma*,
519 F.3d 1242 (10th Cir. 2008) .......... 2, 3

*Trustees of the Eighth Dist. Elec. Pension Fund v. Wasatch Front Elec. & Constr.*,
2:09-cv-632, 2011 U.S. Dist. LEXIS 94242 (D. Utah Aug. 23, 2011)....................................4

*In re USDigital, Inc.*,
443 B.R. 22 (Bankr. D. Del. 2011) ..........................................................................8

*Waite v. Schoenbach*,
No. 10-cv-3439, 2010 US Dist. LEXIS 115470, 2010 WL 4456955 (S.D.N.Y. Oct. 29, 2010) ..........................................................................6

*State ex rel. Woodridge Local School v. Facebook, Inc.*,
5:19-cv-1046, 2000 U.S. Dist. LEXIS 2202 (N.D. Ohio Jan. 7, 2020)....................................4

*Zubrod v. Keffer (In re Keffer)*,
307 B.R. 731 (10th Cir. BAP 2004)..........................................................................3

**Statutes**

11 U.S.C. § 502(d) ..........................................................................1, 7

11 U.S.C. § 547..........................................................................5, 7

11 U.S.C. § 548.......................................................................... *passim*

11 U.S.C. § 549..........................................................................7

11 U.S.C. § 550..........................................................................1, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..........................................................................2

## INTRODUCTION AND SUMMARY OF ARGUMENT

Through the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 502, 548, and 550 [Adv. Dkt. No. 1] (the "Complaint"), Darcy D. Williamson (the "Trustee" or "Plaintiff"), not individually, but solely as Chapter 7 Trustee of Social Networking Technology, Inc. (the "Debtor"), seeks to avoid and recover $367,411.00 in transfers (the "Alleged Transfers") allegedly made to defendant Comcast Cable Communications Management, LLC d/b/a Effectv, erroneously sued as Comcast Spotlight, LP ("Effectv") during the two year period preceding the Petition Date (as defined below) as constructively fraudulent transfers.

Count I of the Complaint, which attempts to assert a constructive fraudulent transfer claim, should be dismissed because the Trustee's allegations are threadbare and simply recite the elements of the cause of action contained in section 548(a)(1)(B) of the Bankruptcy Code without providing the requisite factual detail to establish a plausible cause of action. The fraudulent transfer claim that the Trustee asserts against Effectv relies on the Trustee's legal conclusion that the Debtor did not receive reasonably equivalent value for the advertising air time Effectv provided to the Debtor in exchange for the Alleged Transfers. The Trustee fails to plead any facts in support of her legal conclusion that reasonably equivalent value was not provided. The Trustee also fails to plead any facts supporting the legal conclusion that the Debtor was insolvent on the date of the Alleged Transfers.

Because the constructive fraudulent transfer claim asserted as Count I of the Complaint should be dismissed, the related claims to (a) recover the value of the Alleged Transfers under section 550 of the Bankruptcy Code asserted as Count II of the Complaint and (b) disallow claims under section 502(d) of the Bankruptcy Code asserted as Count III of the Complaint should also be dismissed.

## NATURE AND STAGE OF PROCEEDINGS

On February 12, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Kansas (the "Court"), commencing bankruptcy case number 18-10177 (the "Bankruptcy Case"). [Bankr. Dkt. No. 1]. Thereafter, the Trustee was appointed as chapter 7 trustee of the Debtor's bankruptcy estate. On February 7, 2020, just prior to the expiration of the two year limitations period for commencing avoidance actions, the Trustee commenced this adversary proceeding by filing the Complaint.

## FACTUAL ALLEGATIONS

The Complaint is wholly deficient of factual allegations supporting the claims for relief asserted by the Trustee. The Complaint alleges that the Debtor was a technology company that provided digital content integrated with advertising. Complaint ¶ 4, at p.2. The Complaint also alleges that Effectv provided advertising services to the Debtor. Complaint ¶ 14, at p. 3. Finally, the Complaint alleges that the Debtor's insolvency on the date of the Alleged Transfers is somehow evidenced by the Debtor's liabilities exceeding its assets as shown by the Debtor's schedules. Complaint ¶ 17, at p. 3. The remaining allegations in the Complaint are merely recitations of the legal elements of the asserted claims and requests for relief. Complaint ¶¶ 8-25 at pp. 2-4.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept only well-pleaded facts as true. *See Robbins v. Oklahoma*,

519 F.3d 1242, 1247 (10th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation omitted). The court should dismiss claims that are based on "no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 555); *Khalick v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("conclusory and formulaic recitations of the elements are insufficient to survive a motion to dismiss").

## ARGUMENT

### A. Count I Should Be Dismissed Because the Complaint Fails to State a Plausible Fraudulent Transfer Claim Against Effectv.

Section 548(a)(1)(B) of the Bankruptcy Code permits a trustee to avoid transfers as constructively fraudulent upon proving: "(1) that the debtor had an interest in property; (2) that a transfer of that interest occurred within [two years] of the filing of the bankruptcy petition; (3) that the debtor was insolvent or was rendered insolvent as a result of the transfer; and (4) that the debtor received less than a reasonably equivalent value in exchange for the transfer." *Zubrod v. Keffer (In re Keffer)*, 307 B.R. 731, 733 (10th Cir. BAP 2004) (citing *BFP Resolution Trust Corp.*, 511 U.S. 531, 535 (1994)). The party seeking to avoid a transfer as constructively fraudulent under section 548(a)(1)(B) "has the burden of proving the transfer was made for less than a reasonably equivalent value." *Bison Park Dev., LLC v. North American Savings Bank (In re Bison Park Dev., LLC)*, 2009 Bankr. LEXIS 1257, at *10 (Bankr. D. Kan. May 7, 2009).

As explained in detail below, the Complaint fails to allege sufficient facts to sustain a claim to avoid the Alleged Transfers as constructively fraudulent and, instead, merely recites the elements to state a claim under section 548(a)(1)(B) of the Bankruptcy Code without any factual

support. Accordingly, the Trustee clearly fails to meet the applicable pleading standard and the Complaint should be dismissed in its entirety.

**1. The Complaint Fails to Plead Any Facts in Support of the Legal Conclusion That the Debtor Received Less Than Reasonably Equivalent Value in Exchange for the Alleged Transfers.**

Courts have consistently dismissed constructive fraudulent transfer claims where the complaint fails to contain more than a bare recital of the statutory language that the debtor received less than reasonably equivalent value. *Goldstein v. BRT, Inc. (In re Universal Marketing)*, 460 B.R. 828, 837-839 (Bankr. E.D. Pa. 2011) (dismissing constructive fraudulent transfer claim where allegations merely parroted the relevant statutory provision and failed to "provide a factual foundation that would permit a court to conclude that the Complaint states a plausible claim for relief"); *State ex rel. Woodridge Local School v. Facebook, Inc.*, 5:19-cv-1046, 2000 U.S. Dist. LEXIS 2202 *11 (N.D. Ohio Jan. 7, 2020) (dismissing fraudulent transfer claim because complaint failed to allege "at least some facts showing that reasonably equivalent value was not provided"); *Trustees of the Eighth Dist. Elec. Pension Fund v. Wasatch Front Elec. & Constr.*, 2:09-cv-632, 2011 U.S. Dist. LEXIS 94242 (D. Utah Aug. 23, 2011) (refusing to permit amendment of complaint to include fraudulent transfer claim because plaintiff failed "to allege any facts to support the conclusory allegations reciting the bare elements of the claim" in the proposed amended complaint); *Gonzales v. Liberman (In re Brutsche)*, 11-01189, 2013 Bankr. LEXIS 585 *22-23 (Bankr. D.N.M. Feb. 11, 2013) (dismissing fraudulent transfer claim for failure to plead sufficient facts).

Here, the Complaint's only allegation regarding lack of reasonably equivalent value is insufficient to state a claim. The allegation simply parrots the statute by stating that the "value of Defendant's services is substantially less than the value of the [Alleged] Transfers, meaning [the

Debtor] did not receive reasonably equivalent value in exchange for the [Alleged] Transfers." Complaint ¶ 14, at p. 3.

The Trustee's threadbare, conclusory allegation that the value of the advertising air time provided by Effectv to the Debtor is less than the value of the Alleged Transfers is a legal conclusion and falls well short of sufficiently pleading facts that plausibly allege the Debtor received less than reasonably equivalent value for the Alleged Transfers. The Complaint wholly fails to explain how (if at all) the value of Effectv's services was less than the value of the Alleged Transfers, which reflect the parties' agreed upon price for Effectv's services.

In fact, the Trustee's allegations support that there was consideration--- because it acknowledges the Alleged Transfers were made in consideration of advertising services provided by Effectv.

As a result, the Complaint fails to state or allege sufficient factual allegations to support a constructively fraudulent transfer claim and Count I of the Complaint should be dismissed with prejudice.

**2. The Complaint Lacks Sufficient Facts Concerning the Debtor's Insolvency and the Alleged Transfers to State a Plausible Constructive Fraudulent Transfer Claim.**

"A complaint is insufficient when its allegations 'simply mirror the language of Section 548(a)(1)(B)(ii).'" *In re PostRock Energy Corp.*, 2018 WL 42769473, at *6 (Bankr. W.D. Okla. Sept. 6, 2018) (quoting *In re AgFeed USA, LLC*, 546 B.R. 318, 337 (Bankr. D. Del. 2016)). "A plaintiff's complaint cannot simply parrot the statutory language of Section 548(a)(1)(B) without recitation of facts supporting those legal conclusions." *PostRock Energy*, at *8.

In contrast to actions under section 547 of the Bankruptcy Code, a presumption of insolvency does not arise in connection with claims to avoid constructively fraudulent transfers under section 548. Accordingly, a complaint under section 548, such as the Complaint in this

action, must allege sufficient facts to demonstrate that the Debtor was insolvent on the date of the Alleged Transfers or rendered insolvent by the Alleged Transfers. *See LTF Real Estate Co., Inc. v. Expert South Tulsa, LLC (In re Expert South Tulsa, LLC)*, 522 B.R. 634, 653 (10th Cir. BAP 2014) ("threadbare allegations regarding a debtor's insolvency are insufficient to satisfy *Iqbal* and *Twombly*"). The Trustee's Complaint fails to allege such facts here and should therefore be dismissed. *Dershaw v. Ciardi (In re Rite Way Elec. Inc.)*, 510 B.R. 471, 482 (Bankr. E.D. Pa. 2014) (dismissing a constructive fraud claim where no facts were plead in support of the debtor's insolvency); *Angell v. BER Care, Inc. (In re Caremerica, Inc.*, 409 B.R. 737, 752 (Bankr. E.D.N.C. 2009) (conclusory statement that "each preferential transfer was made while the transferor was insolvent," without factual support of the debtor's insolvency fails to satisfy *Iqbal*'s first prong); *Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)* 327 B.R. 711, 718 (Bankr. D. Del. 2005) (finding dismissal was mandated where plaintiff failed to allege information about the debtors' financial status); *Waite v. Schoenbach*, No. 10-cv-3439, 2010 US Dist. LEXIS 115470, 2010 WL 4456955 at *7 (S.D.N.Y. Oct. 29, 2010) (holding plaintiff's allegations that the "transfers were made without fair consideration" and "rendered Defendants insolvent" are conclusory allegations that are insufficient to withstand a motion to dismiss); *Crescent Res., LLC v. Nexen Pruet, LLC (In re Crescent Res., LLC)*, No. 09-115-7, 2012 Bankr. LEXIS 287, 2012 WL 195528 at *8 (Bankr. W.D. Tex. Jan. 23, 2012) (complaint that does no more than mirror the elements of section 548 and plead general conclusory allegations of insolvency and reasonably equivalent value, held insufficient).

The Complaint alleges that "[o]n the date each [Alleged] Transfer was made [the Debtor] was insolvent or rendered insolvent by the [Alleged] Transfers." Complaint ¶ 15, at p. 3. This threadbare legal conclusion regarding insolvency does nothing more than recite an element of a

constructive fraudulent transfer claim and, thus, fails to satisfy the pleading standard set forth in *Iqbal* and *Twombly*.

The Complaint also alleges that "[the Debtor's] insolvency at the time of the [Alleged] Transfers is further evidenced by the fact that [the Debtor's] assets were worth significantly less than [the Debtor's] liabilities" and cites to the Debtor's schedules of assets and liabilities. Complaint ¶ 17 at p. 7. However, the Debtor's schedules of assets and liabilities reflect the status of the Debtor's assets and liabilities as of the Petition Date, not the date of the Alleged Transfers as required by section 548(a)(1)(B) of the Bankruptcy Code.

As a result, the Complaint does not plausibly state a claim for relief. Accordingly, Count I of the Complaint should be dismissed with prejudice.

### B. Counts II and III Should be Dismissed Because They Rely on Avoidance Pursuant to Section 548 of the Bankruptcy Code.

To recover transfers under section 550 of the Bankruptcy Code or disallow a claim under section 502(d) of the Bankruptcy Code, the Trustee must first avoid such transfers under sections 547, 548, or 549 of the Bankruptcy Code. *See* 11 U.S.C. §§ 502(d) & 550. Section 502(d) of the Bankruptcy Code provides that "the court shall disallow any claim of any entity … that is a transferee of a transfer avoidable under section … 548 … of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable… ." 11 U.S.C. § 502(d). Section 550 of the Bankruptcy Code provides that to the extent a transfer is avoided under section 548, the trustee may recover the value of the property transferred. 11 U.S.C. § 550.

Where the claims to avoid the Alleged Transfers under section 548 of the Bankruptcy Code fail, the related claims to recover the value of the Alleged Transfers pursuant to section 550 of the Bankruptcy Code and to disallow Effectv's claim under section 502(d) also fail and should be

dismissed. *See Gellert v. The Lenick Co. (In re Crucible Materials Corp.)*, 2011 WL 2669113, at *4 (Bankr. D. Del. July 6, 2011); *In re USDigital, Inc.*, 443 B.R. 22, 40 (Bankr. D. Del. 2011). Simply put, if the Alleged Transfers are not avoided, there is no claim to recover an avoided transfer and no basis to disallow any claim filed or that may be filed by Effectv. Against this background, Counts II and III should be dismissed with prejudice.

**CONCLUSION**

WHEREFORE, Comcast Cable Communications Management, LLC d/b/a Effectv, erroneously sued as Comcast Spotlight LP, requests that the Court grant this Motion, dismiss the Complaint with prejudice, and grant such further relief as the Court deems just and proper.

Dated: April 6, 2020

Respectfully submitted,

*/s/ Brian M. Holland*
Brian M. Holland (KS# 19889)
Benjamin C. Struby (KS# 22243)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Phone: (816) 460-5329
Email: brian.holland@lathropgpm.com
benjamin.struby@lathropgm.com

-and-

Matthew G. Summers*
Chantelle D. McClamb*
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801
Phone: (302) 252-4428
Email: summersm@ballardspahr.com
mcclambc@ballardspahr.com
(*Motions for *pro hac vice* admission to be filed)

*Attorneys for Comcast Cable Communications Management, LLC d//b/a Effectv, erroneously sued as Comcast Spotlight, LP*

## CERTIFICATE OF SERVICE

I hereby certifies that on April 6, 2020, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 502, 548, AND 550** with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Brian M. Holland*
Brian M. Holland

*An Attorney for Comcast Cable Communications Management, LLC d//b/a Effectv, erroneously sued as Comcast Spotlight, LP*