SO ORDERED.

SIGNED this 29th day of June, 2020.



_Dale L. Somers_
Dale L. Somers
United States Chief Bankruptcy Judge

For online use, but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>SOCIAL NETWORKING TECHNOLOGY, INC.,<br><br>       Debtor. | Case No. 18-10177<br>Chapter 7 |
| DARCY D. WILLIAMSON, as Chapter 7 Trustee of Social Networking Technology, Inc.,<br><br>v.<br><br>COMCAST SPOTLIGHT, L.P.,<br><br>       Defendant. | Adv. No. 20-5036 |

Memorandum Opinion and Order
Denying Defendant's Motion to Dismiss

This adversary proceeding is before the Court[1] on Defendant's Motion to Dismiss Complaint to Avoid and Recover Transfers pursuant to 11 U.S.C. §§ 502, 548, and 550.[2] Plaintiff Darcy D. Williamson, as Chapter 7 Trustee of Debtor Social Networking Technology, Inc. (hereafter Trustee), appears by Nicholas Zluticky and Michael P. Pappas of Stinson LLP. Defendant Comcast Cable Communications Management, LLC d/b/a Effectv (hereafter Comcast) appears by Brian M. Holland and Benjamin C. Struby of Lathrop GPM LLP.

**I. Background Facts and the Complaint**

Prepetition Debtor was a technology company producing artificial intelligence driven digital content integrated with advertising. On February 12, 2018, the Debtor filed a petition for relief under Chapter 7. The Trustee was appointed as the Chapter 7 Trustee for the Debtor.

The Trustee filed the Complaint on February 7, 2020. Count I, avoidance of constructively fraudulent transfers pursuant to § 548(a)(1)(B),[3] contains the

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure (March 2018). Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)H). There is no objection to venue or jurisdiction over the parties.

[2] Doc. 7

[3] 11 U.S.C. § 548(a)(1)(B). References to title 11 in the text shall be to the section number only.

2

following allegations: Debtor made transfers to Comcast in the total amount of $367,411.00, with the individual transfers identified by date, check number or transaction type, amount, and clear date on an attached exhibit (collectively the Transfers); that the Transfers constituted an interest of the Debtor in property; that each transfer was made within two years before the petition date; that Debtor made the Transfers in exchange for advertising services provided by Comcast, but the value of Comcast's "services is substantially less than the value of the Transfers, meaning Debtor did not receive reasonably equivalent value in exchange for the Transfers;"[4] that Debtor was insolvent when the Transfers were made; that Debtor's insolvency at the time of the Transfers is evidenced by its inability to pay its existing debts as they came due and by the fact that Debtor's assets were worth significantly less than its liabilities, as shown on Debtor's bankruptcy schedules; and therefore the Trustee may avoid, for the benefit of Debtor's estate, the Transfers as fraudulent under § 548(a)1)(B).

In Count II, the complaint alleges that the avoided Transfers may be recovered from Comcast, the initial transferee, under § 550(a). In Count III, the Trustee alleges that under § 502(d) any claim that Comcast holds against the Debtor's bankruptcy estate should be disallowed unless and until Comcast returns the value of the avoided Transfers to the Trustee.

---

[4] Doc.1, 3.

3

Case 20-05036    Doc# 29    Filed 06/29/20    Page 3 of 7

## II. The Motion to Dismiss

Comcast moves to dismiss under Rule 7012(b)(6)[5] arguing that the Trustee's allegations in Count I of the Complaint, the predicate for recovery under the two additional counts, "are threadbare and simply recite the elements of the cause of action contained in section 548(a)(1)(B) of the Bankruptcy Code without providing the requisite factual detail to establish a plausible cause of action,"[6] as required by Rule 8(a).[7] The Trustee responds that the Complaint is sufficient under Rule 8(a).

## III. Analysis

The motion to dismiss under Rule 7012(b)(6) tests the sufficiency of the Complaint under Rule 8(a)(2), which states "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Compliance serves to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests."[8] The requirements of Rule 8 have been established by two decisions of the United States Supreme Court, *Iqbal*[9]

---

[5] Fed. R Bankr. P. 7012(b), making Fed. R. Civ. P. 12(b)(6) applicable in adversary proceedings.

[6] Doc. 8, 5.

[7] Fed. R. Civ. P. 8(a), made applicable to adversary proceedings by Fed. R. Bankr. P. 7008.

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[9] *Ascroft v. Iqbal*, 556 U.S. 662 (2009).

4

and *Twombly*.[10] The parties cite numerous decisions applying these requirements to § 548 claims. Not surprisingly, there are cases supporting both parties, but the Court does not find them helpful.

As construed by the Supreme Court, Rule 8 does not require "detailed factual allegations," but it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]

The sufficiency of a complaint must be evaluated in light of the nature of the claims made. To recover on a claim for avoidance of a constructively fraudulent conveyance under § 548 the trustee must prove that the debtor had an interest in property; that a transfer of that interest occurred within two years of the filing of the bankruptcy petition; that the debtor was insolvent at the time of the transfer or was rendered insolvent by the transfer; and debtor received less than reasonably equivalent value for the transfers.

Comcast contends the allegations of two of these elements are insufficient. The first contention is that the Complaint lacks sufficient factual allegations regarding the claim that Comcast received transfers from the Debtor in exchange

---

[10] *Twombly*, 550 U.S. at 544.

[11] *Id.*. at 555.

[12] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

5

for less than reasonably equivalent value.  The Court rejects this contention.  The Complaint identifies five transactions by amount,  transaction type (three checks, one wire transfer, and one EFT payment), and specific dates between June and August 2017. It alleges that services were provided in exchange, but the value of the services was substantially less than the value of the Transfers.  The allegation of constructive fraud is plausible.

Comcast Defendant also contends that the factual allegations of insolvency are insufficient.  The Court also rejects this argument.  The allegation that the Debtor was insolvent when the Transfers were made is supported by reference to Debtor's bankruptcy schedules, which were submitted under oath.  They show total assets of $1,581,649.98, comprised primarily of accounts receivable. Claims of $2,010,978.00 are secured by all assets; priority unsecured claims are $10,513.64; and nonpriority unsecured claims are $43,217,248.51.  The allegation of insolvency is very plausible.

The Court observes that constructive fraudulent transfer claims under § 548 are not complex. The Complaint in this case is similar to numerous complaints that have come before this Court. The allegations give Comcast fair notice of the claim and its factual basis.

The Court denies Comcast's motion to dismiss Count I.  Comcast's motion to dismiss Counts II and III is premised upon the dismissal of Count I.  Since that count will not be dismissed, the motion to dismiss Counts II and III is also denied.

6

Case 20-05036    Doc# 29    Filed 06/29/20    Page 6 of 7

## IV. Conclusion

For the forgoing reasons, Comcast's motion to dismiss the Complaint is denied.

**It is so ordered.**

### ###